```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INTERDIGITAL COMMUNICATIONS,    :        CIVIL ACTION
CORP., ET AL.,                  :
                                :
          Plaintiffs,           :        NO.  03-6082
                                :
          v.                    :
                                :
FEDERAL INSURANCE COMPANY       :
                                :
          Defendant.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                NOVEMBER 30, 2005

Defendant Federal Insurance Company ("Federal") was plaintiffs InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "InterDigital") insurer.  The insured, InterDigital, agreed to reimburse the insurer, Federal, for litigation expenses paid by Federal to defend InterDigital in its litigation with Ericsson Radio Systems and Ericsson GE Mobile Communications, Inc. ("Reimbursement Agreement").  InterDigital brought an action seeking a declaration that the Reimbursement Agreement was unenforceable for lack of consideration.  InterDigital contended that the Reimbursement Agreement lacked consideration because, at the time it entered into the Reimbursement Agreement with Federal, Federal had a preexisting legal duty to provide such a defense under the insurance contract between the parties.

In a memorandum dated October 3, 2005, this Court held

that, even assuming the Reimbursement Agreement is not supported by consideration, the Reimbursement Agreement was enforceable under Pennsylvania's Uniform Written Obligations Act ("UWOA"), 33 P.S. § 6, as section 13 of the agreement constituted an "additional express statement" of the intent of the parties to be bound.  Further, the Court concluded that the Pennsylvania Supreme Court's decision of In re Commonwealth Trust Co. of Pittsburgh, 54 A.2d 649 (Pa. 1947), was "not helpful to InterDigital in this case."  In Commonwealth Trust, the Pennsylvania Supreme Court held, "In the absence of any evidence to the contrary, an agreement under seal imports consideration.  When, however, the agreement itself reveals the insufficiency or lack of consideration, the rule will not be applied to the detriment of the promisor."  Id. at 652.

This Court held that Commonwealth Trust was "not on point" for two reasons.  First, "no Pennsylvania case has extended Commonwealth Trust to agreements enforceable under the UWOA."  Rather, "Pennsylvania cases have emphasized that contracts containing 'an additional express statement' of the intent of the parties to be bound are enforceable whether or not consideration exists for the agreement."  Second, Commonwealth Trust is inapplicable "because it is limited to cases involving mutual mistake."

On October 19, 2005, InterDigital filed a motion for

-2-

reconsideration under Local Rule of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania 7.1(g).  InterDigital argues that the Court "misread" Commonwealth Trust, "and as a result incorrectly concluded that the Reimbursement Agreement is enforceable under the UWOA and that InterDigital is not entitled to raise lack of consideration as a defense to the enforcement of the agreement."  Specifically, InterDigital contends for the first time that the instant case involves circumstances of mutual mistake, and thus, Commonwealth Trust is directly on point.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  Douris v. Schweiker, 229 F. Supp. 2d 391, 407-08 (E.D. Pa. 2002) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  A court should grant a motion for reconsideration only if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex. rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

None of the grounds for reconsideration is present here.  Moreover, the argument that this case involves

circumstances of "mutual mistake" was not articulated at any time during the litigation and may not be injected into this case by way of a motion for reconsideration.  See, e.g., Farnsworth v. Manor Healthcare Corp., No. Civ.A. 01-CV-33, 2004 WL 614774 (E.D. Pa. Feb. 10, 2004); Blue Mountain Mushroom Co. v. Monterey Mushroom, 246 F. Supp. 2d 394, 398-99 (E.D. Pa. 2002); Vaidya v. Xerox Corp., No. Civ.A. 97-547, 1997 WL 732464 (E.D. Pa. Nov. 25, 1997).

Even if the argument constituted valid grounds for reconsideration and was timely asserted by InterDigital, it would not be helpful.  In Commonwealth Trust, the agreement of sale at issue was premised on a mutual mistake, i.e., that the seller (as a fiduciary) was legally obligated to accept a higher bid or offer received prior to the Orphan's Court's approval of the agreement of sale.  Commonwealth Trust, 54 A.2d at 652.  The very language of the contract itself stated that both the vendor and vendee understood that it was the obligation of the fiduciary to accept a higher bid or offer.  Id. at 653 (Maxey, J., concurring).  Both the vendor and vendee honestly believed in the existence of that right.  Id.  However, under the Act of 1945, P.L. 944, 20 P.S. § 818, the vendor had no such legal obligation. Id.  Even though the agreement was made under seal, the court held that the provision, because it was founded on a mutual

mistake,[1] was not binding as enforcement would be inequitable. Id. at 652.

       The instant case is distinguishable.  In Commonwealth Trust, the parties entered into the agreement under a mistaken assumption as to "their respective rights and obligations" at the time they entered into the agreement.  Commonwealth Trust, 54 A.2d at 653.  Their mistake was mutual.  Here, by contrast, there was no mistaken understanding shared by both parties as to "their respective rights and obligations" at the time they entered into the Reimbursement Agreement.  Rather, what precipitated the need

---

[1] The majority opinion was not entirely clear as to the classification of the mistake–as one of law or one of fact.  The majority opinion did state that the "agreement in question was stated to be based upon facts which did not exist," Commonwealth Trust, 54 A.2d at 652, which leads this Court to believe that they interpreted the mutual misunderstanding as one of fact.  Chief Justice Maxey in his concurring opinion, was clear that the parties were "under a mistake of fact as to their respective rights and obligations."  Id. at 653.  Chief Justice Maxey went on to distinguish when there is a mistake of fact and when there is a mistake of law: "Mistake as to particular private rights is treated as mistake of fact or as a mixed mistake of law and fact.  Private rights of property, although they are the result of rules of law, or depend on rules of law applied to the construction of legal instruments, are usually considered matters of fact."  Id. at 654 (quoting 17 C.J.S. Contracts § 145).  In contrast, Justice Horace Stern in his dissenting opinion argued that the mistake was really one of law, and thus, does not relieve the parties of their contractual obligations.  Id. at 658.

       This discussion as to whether the mutual mistake in Commonwealth Trust is viewed as a mistake of law or a mistake of fact, while interesting, is of no moment in this case.  The thrust of the Commonwealth Trust opinion is the need for mutuality–that both parties shared the incorrect assumption as to "their rights and obligations" at the time the parties entered into the agreement.

for the Reimbursement Agreement was just the opposite, i.e., the parties' conflicting positions as to the scope of the underlying insurance contract and the validity of certain claims for reimbursement of litigation expenses made thereunder.  This is not a case of mutual mistake as contemplated by the <u>Commonwealth Trust</u> court.

InterDigital's motion for reconsideration is denied. An appropriate order follows.

```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| INTERDIGITAL COMMUNICATIONS, CORP., ET AL., | : : : | CIVIL ACTION |
| Plaintiffs, | : : | NO. 03-6082 |
| v. | : : | |
| FEDERAL INSURANCE COMPANY | : : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this **30th** day of **November, 2005,** it is hereby **ORDERED** that the plaintiffs' motion for reconsideration (doc. no. 28) is **DENIED.**

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**EDUARDO C. ROBRENO, J.**