IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERDIGITAL COMMUNICATIONS CORP., ET AL., | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 03-6082 |
| v. | : : | |
| FEDERAL INSURANCE COMPANY, | : : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                      APRIL 20, 2009

There are two issues pending before the Court: (1) Under Pennsylvania law, is a party entitled to interest on an arbitration award accrued in the time period between the issuance of the award by the arbitrator and the confirmation of the award by the Court; and (2) Under federal law, if a party is so entitled, what is the procedural mechanism available to secure this interest? For the reasons that follow, the Court holds that a party is entitled to this interest, that such interest must be made part of the judgment, and that if the judgment fails to provide for interest, the proper procedural mechanism to amend the judgment is to invoke Federal Rule of Civil Procedure 60(a).

1

1. BACKGROUND

Plaintiffs InterDigital Communications Corporation and InterDigital Technology Corporation (collectively, "Interdigital") were insured by Defendant Federal Insurance Company ("Federal"). Pursuant to a reimbursement agreement, Interdigital agreed to reimburse Federal for litigation expenses paid by Federal in the course of defending Interdigital in a suit against a third party. A dispute arose when the parties could not reach a resolution as to the reimbursement expenses, and the parties proceeded to arbitration in accordance with an arbitration clause in the reimbursement agreement.[1]

On May 22, 2007, Judge Welsh,[2] acting as the arbitrator, issued a Final Arbitration Award that decided the claims in favor of Federal and against Interdigital. Federal was awarded $19,675,656.00, plus 10 percent of any additional

---

[1] Specifically, pursuant to the reimbursement agreement, Interdigital agreed to reimburse Federal for litigation expenses paid by Federal to defend Interdigital in its litigation with Ericsson Radio Systems and Ericsson GE Mobile Communications, Inc. Section 6 of the reimbursement agreement provided the method for determining the amount of Federal's reimbursement. Section 6(c) provided, in pertinent part, that "[i]f the Insureds [InterDigital] and Federal cannot agree on a resolution, the matter will be submitted to arbitration, pursuant to Pennsylvania's Uniform Arbitration Act, before a single arbitrator approved by Federal and the Insureds."

[2] Diane M. Welsh is a retired magistrate judge who served in the Eastern District of Pennsylvania. She was appointed by the Court from a list of potential arbitrators submitted by the parties.

payments that Interdigital received as a result of an ongoing audit of future payment obligations owed to Interdigital pursuant to the underlying litigation giving rise to the reimbursement dispute.[3] The arbitration award made no mention of interest due on this amount.

On March 24, 2008, the Court entered a judgment confirming and entering the May 22, 2007 arbitration award into order. See InterDigital Commc'ns Corp. v. Federal Ins. Co., No. 03-6082, 2008 U.S. Dist. LEXIS 23287 (E.D. Pa. March 24, 2008) (Robreno, J.). On April 1, 2008, Interdigital filed a notice of appeal of the judgment to the Third Circuit, and on the same day filed a motion requesting that the Court stay the enforcement of the judgment pending the appeal. On April 9, 2008, the Court ordered a stay of enforcement of the judgment pending appeal, provided that Interdigital post cash in the amount of $23,000,000.00 to be delivered to the Clerk of Court for deposit,

---

[3] In accordance with these provisions, the parties are in agreement that the full arbitration award (prior to interest accumulation) is $19,875,656.00. This figure is derived as follows. The arbitration award provides for a payment of $19,675,656.00, plus 10 percent of any payments InterDigital received from Sony Ericsson. Because InterDigital received a $2 million payment from Sony Ericsson subsequent to the date of the Award, Federal is entitled to 10% of this $2 million, or $200,000. Accordingly, the total value of the Award is equal to $19,875,656.00.

securing payment for the judgment.[4] On January 29, 2009, the Third Circuit issued an opinion fully affirming the judgment.

Following the Third Circuit's affirmation of the judgment, Federal filed the instant motion asking the Court to lift the stay of enforcement of the judgment entered in its favor on March 24, 2008 and direct the Clerk of Court to pay Federal $20,875,955.41, plus postjudgment interest at the rate of 1.35% from March 24, 2008 through date of payment.[5] Importantly, the $20,875,955.41 figure is derived as follows: $19,875,656.00 (underlying arbitration award) plus $1,000,299.41, representing interest accrued on this award from May 22, 2007 (date of the arbitration award) through March 24, 2008 (date of the Court's confirmation of the award).[6]

---

[4] In addition, the Court ordered a stay of the deadlines for Federal's motion for attorneys' fees until further notice of the Court.

[5] Additionally, Federal asked the Court to lift the stay established by the Court's April 9, 2008 order regarding briefing on Federal's motion for attorneys' fees. Federal asked the Court to direct the parties to propose a briefing schedule on Federal's motion for attorneys' fees within fourteen days of Federal's receipt of payment of the full judgment. Following a telephone conference with the parties on April 1, 2009, a briefing schedule on this issue was developed and entered into order.

[6] The interest figure, $1,000,299.41, is derived as follows: From May 22, 2007 (date of the Arbitration Award) through March 24, 2008 (date of the Court's judgment), 307 days elapsed. Under Pennsylvania law, prejudgment interest at the statutory rate of 6 percent per annum, pursuant to 41 P.S. § 202 and 42 Pa.C.S.A. § 8101. Accordingly, Federal calculates 307 days worth of interest at 6 percent, yielding $1,000,299.41

The parties do not dispute that Interdigital is required to pay postjudgment interest from March 24, 2008 through date of payment; however, Interdigital's obligation to pay the interest accrued prior to the Court's confirmation of the arbitration award is disputed. The Court will consider: (1) Is Federal entitled to interest accrued during this time period; and (2) If Federal is so entitled, did Federal comply with the appropriate procedural mechanisms to secure this payment?

II. ANALYSIS

    A. Entitlement to Interest

At issue is the interest accrued between May 22, 2007, the issuance of the arbitration award by Judge Welsh, and March 24, 2008, the Court's confirmation of the award. The reimbursement agreement that formed the subject of this arbitration is governed by Pennsylvania law.[7] Under Pennsylvania

---

($19,875,656.00 * .06 * (307/366)).

    Notably, prejudgment interest is governed by state law, but once an arbitration award is confirmed in federal court, the rate specified in 28 U.S.C. § 1961(a) applies. <u>Fidelity Federal Bank v. Durga Ma Corp.</u>, 387 F.3d 1021 (9th Cir. 2004). Thus, once the Court entered its judgment on March 24, 2007, Federal was no longer entitled to state interest under 42 Pa.C.S.A. § 8101.

    [7] Specifically, the agreement provides that disputes are to be litigated pursuant to the Pennsylvania Uniform Arbitration Act.

law, "a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment if the judgment is not entered upon a verdict or award." 42 Pa.C.S.A. § 8101. On an arbitration award, post-judgment interest begins to run from the date of the award. Perel v. Liberty Mutual Ins. Co., 839 A.2d 426 (Pa. Super. Ct. 2003); Cotterman v. Allstate Ins. Co., 666 A.2d 695, 701 (Pa. Super. Ct. 1995) (citing Weldon & Kelly v. Pavia Co., 46 A.2d 466, 468 (Pa. 1946)). Accordingly, under § 8101, Federal has a statutory entitlement to post-judgment interest, calculated from the date of the arbitration award, May 22, 2007.[8]

B.  Requirements to Secure Interest.

Interdigital argues that although Federal would have been <u>entitled</u> to receive the interest at issue at the time the judgment was entered, it is not entitled to that interest now because the interest was not included in either the arbitration award, or in the Court's order confirming the award, and that Federal's effort to amend the Court's judgment to include the disputed interest is untimely under Fed. R. Civ. P. 59(e).

In response, Federal argues: (1) amendment to the judgment is unnecessary because its entitlement to the interest

---

[8] At oral argument on this issue, the parties stipulated that Federal was so <u>entitled</u> under 42 Pa.C.S.A. § 8101.

-6-

at question was inherent in the underlying arbitration award; and (2) even if the interest was not inherent, Federal Rule of Civil Procedure 60(a) is the proper procedural mechanism to amend the order to add this interest. The Court considers each argument in turn.

1. <u>Inherent Entitlement</u>

Federal argues that it is unnecessary for the Court to amend the March 24, 2008 judgment to add the disputed interest because the disputed interest was inherently included in the arbitration award which the Court confirmed "in all respects." Citing <u>Perel</u>, Federal argues that it is entitled to the interest in question pursuant to 42 Pa.C.S.A. § 8101. 839 A.2d at 428. In <u>Perel</u>, following an arbitration award entered in favor of the plaintiff, the plaintiff asked the court to enter two distinct requests into judgment: (1) confirmation of the arbitration award; and (2) inclusion of interest, entitled to the plaintiff under § 8101, which accrued since the issuance of the arbitration award. <u>Id.</u> In response to these requests, the court entered a judgment which confirmed the arbitration award, <u>and</u> provided for interests under § 8101. <u>Id.</u>

The Court agrees that Federal, just as the prevailing party in <u>Perel</u>, is <u>entitled</u> to the disputed interest under § 8101. However, unlike in <u>Perel</u> where the confirming court specifically provided for the statutory interest in the judgment,

here, the Court's judgment confirming the arbitration award did not provide for the inclusion of the disputed interest.[9] Moreover, while the Court did confirm the underlying arbitration award "in all respects," no provision in the underlying arbitration award specifically provided for the statutory interest entitlement.

Further, although Federal argues that such entitlement is inherent in the arbitration award, the award is not self executing. In other words, until and unless the amount of interest is reduced to judgment, whether mandatory or not, it is not enforceable.[10] Accordingly, because the Court's March 24, 2008 judgment did not provide for the disputed interest, the

---

[9] Federal notes that it asked the Court to include a provision allowing for the disputed interest in its order, but the Court did not address the request.

[10] At oral argument, Federal relied upon Dunn v. Hovic, 13 F.3d 58 (3d Cir. 1993), to support its position that the amount of interest entitled under § 8101 need not be reduced to judgment. Because Federal did not cite Dunn in its motion, the Court afforded the parties an opportunity to submit additional briefing regarding the applicability of Dunn.

In Dunn, the Third Circuit noted that post-judgment interest under 28 U.S.C. § 1961(a) "is awarded by statute as a matter of law so it is automatically added, whether or not the district court orders it." Dunn, 13 F.3d at 62. Under § 1961(a), "interests shall be allowed on any money judgment in a civil case recovered in a district court." Here, the disputed interest is predicated upon a Pennsylvania post-judgment interest statute, 42 Pa.C.S.A. § 8101, rather than a federal post-judgment interest statute, 28 U.S.C. § 1961(a), as in Dunn. Accordingly, Federal's reliance upon Dunn in its inherent entitlement argument is misplaced.

-8-

Court must consider the appropriate procedural mechanism, under the Federal Rules of Procedure,[11] to amend the judgment to provide for the disputed interest.

2. Amendment to Judgment

Interdigital argues that any motion by Federal to amend the judgment to allow for the disputed interest must comply with Fed. R. Civ. P. 59(e). Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Under the application of Rule 59(e), because the Court's judgment was entered on March 24, 2008, Federal would have had to file its Rule 59(e) motion by April 3, 2008 in order to comply with the 10-day time limit mandated by Rule 59(e). Federal filed no such motion by April 3, 2008, and any effort to do so at this juncture would be untimely.[12] Thus, if the Court applied Rule 59(e), Federal would be unable to secure the disputed interest at this time.

---

[11] Although in this diversity case, entitlement is a substantive issue governed by Pennsylvania law, the method of reducing the entitlement to judgment is procedural and under Erie, it is an issue of federal law.

[12] Moreover, as Fed. R. Civ. P. 6(b)(2) provides, the 10-day time period is jurisdictional and cannot be extended in the discretion of the Court. Albright v. Virtue, 273 F.3d 564, 571 (3d Cir. 2001) (citing Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994)).

In contrast, Federal argues that an amendment to add the disputed interest would constitute a ministerial correction of an omission and thus need only comply with Fed. R. Civ. P. 60(a).[13] Rule 60(a) provides, "the court may correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other party of the record."[14] Thus, under the application of Rule 60(a), because the Court may correct an omission "whenever one is found," the Court could amend the judgment at this time to reduce the disputed interest to judgment.

On similar facts, the Third Circuit amended a judgment under Rule 60(a) to add interest entitled to the prevailing party by statute. Pfizer Inc. v. Uprichard, 422 F.3d 124 (3d Cir. 2005).[15] In Pfizer, pursuant to Pennsylvania statute, the

---

[13] The Court conducted a telephone conference with the parties on April 1, 2009. During this conference, Federal made an oral request for an amendment of the judgment, under Rule 60(a), to allow for the disputed interest. The Court construes this request as an oral motion for amendment to the judgment.

[14] Rule 60(a) encompasses only error, "mechanical in nature, apparent on the record, and not involving an error of substantive judgment." Mack Trucks, Inc. v. Int'l Union, 856 F.2d 579 (3d Cir. 1988).

[15] In Pfizer, the prevailing party was entitled to the disputed interest under the same Pennsylvania post-judgment interest statute upon which Federal's entitlement to the disputed interest is predicated: 42 Pa.C.S.A. § 8101.

-10-

prevailing party in an arbitration was entitled to the interest on an arbitration award which accrued between the time that the arbitrator issued the award and the court's confirmation of the award. Id. Upon confirmation of the award, the court failed to reduce to judgment the amount of interest entitled to the prevailing party. Id. The court applied Rule 60(a) to amend the judgment to add this interest. Id.

Pfizer is controlling in this case. Here, like the prevailing party in Pfizer, Federal was entitled under Pennsylvania statute to the interest on the arbitration award which accrued between the issuance of the award and the Court's confirmation of the award. Just as in Pfizer, here, the Court confirmed the arbitration award, but failed to reduce to judgment the amount of interest[16] to which Federal was entitled under the Pennsylvania statute. Accordingly, as did the Pfizer court, the Court will amend the judgment under Rule 60(a) to add this interest.

Interdigital argues that Pfizer is factually distinguishable and inconsistent with the United States Supreme Court's decision Osterneck v. Ernst & Whinney, 489 U.S. 169 (1988). Both arguments are unavailing.

---

[16] See discussion of Glick v. White Motor Co., 422 F.2d. 1287, 1294 (3d. Cir. 1972), infra p. 12-13.

First, Interdigital highlights that in <u>Pfizer</u>, the court's underlying judgment determined entitlement to the disputed interest, but merely neglected to add the specific amount of the interest to the judgment. 422 F.3d at 129. In contrast, here, the Court's judgment not only failed to include the calculated interest amount, but also failed to determine Federal's entitlement to the interest. Accordingly, unlike in <u>Pfizer</u>, here, the Court's amendment to the judgment would require the Court to determine both entitlement and the calculated interest amount.

This same argument was rejected by the Third Circuit in <u>Glick v. White Motor Co.</u>, a case relied upon by <u>Pfizer</u>. <u>Pfizer</u>, 422 F.3d at 130 (citing <u>Glick</u>, 458 F.2d. 1287, 1294 (3d Cir. 1972)). <u>Glick</u> involved the same facts as <u>Pfizer</u>, except the Court's judgment in <u>Glick</u>, like the judgment here, failed to include both the prevailing party's entitlement to the disputed interest <u>and</u> the calculated interest amount. 458 F.2d at 1289. Notwithstanding this distinction, the <u>Glick</u> court applied Rule 60(a) to amend the judgment to add both entitlement to the interest and the calculated amount of interest. <u>Id.</u> at 1294. The court held that where all that is left is the addition of interest, entitled by operation of state law, "the addition . . . is merely a ministerial act which cannot be denied through mere

inadvertence, regardless of whether the error goes undiscovered for a period exceeding ten days." Id.

Second, Interdigital points to the Supreme Court's decision in Osterneck, a case decided 17 years before Pfizer. In Osterneck, the Supreme Court held that if an interest provision is not included in the judgment, a motion to amend the judgment to add prejudgment interest must comply with Fed. R. Civ. P. 59(e). 489 U.S. at 176. The Court noted that an examination of the applicability of prejudgment interest would require the district court to "reexamine matters encompassed within the merits of the underlying action." Id. Accordingly, the Court held that the interests of avoiding piecemeal appellate review of judgments and promoting the finality of judgments were best served by applying the time constraints of Rule 59(e) to post-judgment motions for prejudgment interest. Id. at 177.

While Osterneck arose in the context of a request for discretionary prejudgment interest, the Osterneck Court noted that there is no meaningful difference between mandatory (the interest Interdigital alleges is implicated here) and discretionary (the interest implicated in Osterneck) prejudgment interest for the

---

Similarly, in Hayden v. Scott Aviation, Inc., the Third Circuit, citing Glick, applied Fed. R. Civ. P. 60(a), rather than Fed. R. Civ. P. 59(e), to amend the district court's judgment to include prejudgment delay damages which were mandatory pursuant to Pa. R. of Civ. P. 238. 684 F.2d 270, 272 (3d Cir. 1982).

purposes of Rule 59(e).  489 U.S. at 176.[18]

In Osterneck, the prevailing party sought prejudgment interest on compensatory damages awarded in the underlying judgment on the merits. Id. This is prejudgment interest in the classic sense because it refers to interest which was earned before a determination of the merits, i.e., entry of judgment, and requires a reexamination of events prior to the entry of judgment. Id. In contrast, here, Federal seeks interest which accrued after

---

[18]  The Osterneck Court noted this point in footnote 3. The footnote provides:

> [w]e do not believe the result should be different where prejudgment interest is available as a matter of right. It could be argued that where a party is entitled to prejudgment interest as a matter of right, a reexamination of issues relevant to the underlying merits is not necessary, and therefore the motion should be deemed collateral in the sense we have used that term. However, mandatory prejudgment interest, no less than discretionary prejudgment interest, serves to 'remedy the injury giving rise to the [underlying] action.'

489 U.S. at 176 (quoting Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200 (1988)).

Circuit Courts, applying Osterneck, have applied Rule 59(e) to motions to amend a final judgment to award mandatory prejudgment interest. See e.g., McCalla v. Royal MacCabees Life Ins. Co., 369 F.3d 1128, 1131 (9th Cir. 2004); Reyher v. Champion Int'l Corp., 975 F.2d 483, 488 (8th Cir. 1992). However, the Third Circuit has not reached this issue.

the merits based determination, i.e., the arbitrator's award, and which does not require a reexamination of events prior to the entry of judgment.[14]

Because of this distinction, the Osterneck Court's concern for finality of judgments and avoidance of piecemeal review, which necessitated the use of Rule 59(e), is not implicated here. Thus, Osterneck is not inconsistent with Pfizer.

III. CONCLUSION

For the reasons set forth above, Federal is entitled to interest pursuant to 42 Pa.C.S.A § 8101 from May 22, 2007, the date of the arbitration award, through March 24, 2008, the date of Court's confirmation of the award, in the amount of $1,000,299.41.

---

[14] The parties have not been entirely consistent in their use of terminology to describe the interest entitled to Federal under 42 Pa.C.S.A. § 8101. This apparent confusion is partially based on the various designations used by courts to represent this interest. For example, in Browne v. Nationwide Mutual Ins. Co., the Pennsylvania Superior Court referred to this interest as "post-award" interest. 713 A.2d 663, 665 (Pa. Super. Ct. 1998). In contrast, in Perel, the Pennsylvania Supreme Court referred to this same interest as "post-judgment" interest. 839 A.2d at 426. Employing neither of the previous denominations, the Third Circuit classified this interest as prejudgment interest. Pfizer, 422 F.3d at 126.

However, it appears that regardless of how this interest is denominated, the bright line attribute is that interest under 42 Pa.C.S.A. § 8101 begins to accrue at the time of the determination on the merits (the arbitrator's issuance of the award) and continues to accrue through the entry of judgment by the Court.

Pursuant to Rule 60(a), the Court will amendment the judgment entered on March 24, 2008 to add this amount.

An appropriate order follows and an amended judgment shall be entered.